UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
ESTHER REIZES on behalf of herself and
all other similarly situated consumers

                            Plaintiff,                        12 CV 3092 (ILG) (CLP)

        -against-

PALISADES COLLECTION L.L.C.

                            Defendant.
------------------------------------------------------------

**AMENDED CLASS ACTION COMPLAINT**

*Introduction*

1. Plaintiff Esther Reizes seeks redress for the illegal practices of Palisades Collection L.L.C. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Engelwood Cliffs, New Jersey.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## *Allegations Particular to Esther Reizes*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about June 29, 2011, Plaintiff called Northland Group Inc. and spoke to a representative regarding a Palisades Collection L.L.C. account on the credit report, and attempted to dispute the debt over the phone.

12. Defendant informed the Plaintiff that all disputes must be made with Palisades Collection.

13. Subsequent to that communication, on or about June 29, 2011, Plaintiff ordered her credit report and called the contact number on the credit report for Palisades Collection L.L.C.

14. Plaintiff and her husband spoke to Manual, a representative from Palisades Collection.

15. The representative informed the Plaintiff that she could not dispute the debt because the debt was not paid.

16. In addition, the representative said that although Palisades Collection L.L.C. is reporting

it to the credit bureaus, the file is locked since it is being serviced by someone else.

17. Plaintiff was also told that she is required to put the reason for her dispute in a letter, however she should send that letter to Northland Group Inc. and she must pay the debt before she can call back Palisades Collection L.L.C. and dispute it.

18. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002); Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111. May 23, 2002) (imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA); Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999); DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001); Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute).

The FDCPA allows the consumer to orally dispute a debt. Brady v. The Credit Recovery Company, Inc., 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One., 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf.,

139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity. See. Rosado v. Taylor., 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties).

It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer  See. Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143 (D.Conn. 2007); Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, 464 F.Supp.2d 720 (N.D. Ohio 2006); Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D.Fla. 2006); Turner v. Shenandoah Legal Group, P.C., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006); Vega v. Credit Bureau Enters., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005); Nasca v. GC Servs. Ltd. P'ship, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002); In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002); Sambor v. Omnia Credit Servs., Inc., 183 F.Supp.2d 1234 (D.Haw. 2002); Sanchez v. Robert E. Weiss, Inc., 173 F.Supp.2d 1029 (N.D. Cal. 2001); Castro v. ARS Nat'l Servs., Inc., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); Ong v. Am. Collections Enter., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999); Reed v. Smith,

Smith & Smith, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995); Harvey v. United Adjusters, 509 F.Supp.1218 (D.Or. 1981).

19. Upon information and belief, Palisades Collection L.L.C. and its employee as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

20. Upon information and belief, Palisades Collection L.L.C. and its employees when receiving written disputes as a matter of procedural practice and pattern, do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

21. Upon information and belief, Palisades Collection L.L.C. and its employee intentionally denied the Plaintiff her dispute rights afforded to her under the FDCPA.

22. Upon information and belief, Palisades Collection L.L.C. and its employee wrongfully stated to the Plaintiff that she could not orally dispute the debt directly with Palisades Collection L.L.C.

23. Upon information and belief, Palisades Collection L.L.C. and its employee wrongfully stated to the Plaintiff that she could only dispute a debt in writing.

24. Upon information and belief, Palisades Collection L.L.C. and its employee wrongfully stated to the Plaintiff that she must have a reason to dispute a debt.

25. Upon information and belief, Palisades Collection L.L.C. and its employee by intentionally denying the Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors into paying disputed debts.

26. The Palisades Collection L.L.C. employee who spoke with Esther Reizes intended to

speak the said words to the Plaintiff.

27. The acts and omissions of Palisades Collection L.L.C. and its employee done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

28. Upon information and belief, Palisades Collection L.L.C. and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

29. As an actual and proximate result of the acts and omissions of Palisades Collection L.L.C. and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

30. The Defendant's said statement also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

31. The Defendant, a foreign New Jersey LLC, filed an application for authority to do business in New York with the New York Department of State on a date better known to Defendant. The Dept. of corporations in New York confirmed that as of February 21, 2012, Palisades Collection L.L.C. has not filed any affidavits or certificate of publication which leads them to be suspended from doing business in New York.

32. Foreign LLC's are required to publish their formation, and file proof of publication of their LLC within 120 days of the filing of their application for authority.

33. At the time of Plaintiff's commencement of the action against Defendant, Defendant has failed to publish, and has failed to file any certificate of publication and/or failed to file any sort of proof or affidavit of publication, as required.

34. Pursuant to the New York Limited Liability Company Law, failure to file the certificate of publication results in suspension of authority to do business in New York State, and a prohibition of bringing any legal proceedings in New York State during the period of noncompliance.

35. At the time of Plaintiffs commencement of the action against Defendant, Defendant's authority to do business had been suspended.

36. During the period of noncompliance, Defendant was prohibited from conducting business in New York State.

37. At the time of the mailing of the collection letters, Defendant's authority to do business had been suspended.

38. The least sophisticated consumer is unlikely to search and/or to have the ability or knowledge to search Department of State records to determine whether Defendant's authority to do business is suspended.

39. Doing business in New York when Defendant's authority to do business had been suspended violates 15 U.S.C. §§1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f.

40. Section 1692e provides: § 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in

connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of-

(A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt § 1692f.

Unfair Practices: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

41. Defendant violated the above provisions of the statute because they had no right to collect this debt.

42. Defendant's activities in collecting this debt were deceptive, misleading and/or false.

43. Defendant's collection techniques involved asking consumers to pay debts when they had no legal ability to ask for payment.

44. Defendant did not inform the consumer that the debt owed was to a defendant which had no authority to do business in New York and/or that Defendant had no right to collect any money or to sue in New York.

45. Any judgment obtained during Defendant's period of noncompliance is a nullity and of no legal force or effect.

46. The conduct of Defendant in collecting and attempting to collect monies owed when it was not allowed to pursuant to the New York Limited Liability Law constitutes deceptive or materially misleading activity that is directed at consumers

and the public at large and caused consumers to suffer financial injuries of having increased debt and having money extracted from them.

47. As a result of the unlawful collection activity which the defendant engaged in, Plaintiff is entitled to damages pursuant to GBL §349.

## **AS AND FOR A FIRST CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

48. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one through forty seven as if set forth fully in this cause of action.

49. This cause of action is brought on behalf of Plaintiff and the members of two classes.

50. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who made a telephonic communication to the Defendant's representative within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) that the Defendant denied the Plaintiff the right to dispute the debt orally and required the Plaintiff to provide a valid reason to dispute.

51. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who made a telephonic communication to the Defendant's representative within one year prior to the date of the within complaint up to the date of the filing of the complaint;  (a) and the plaintiff asserts that the letter contained violations of 15 U.S.C. §§1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10) and1692f, for doing business when its authority to do so in New York had been suspended.

52. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers engaged in such telephonic calls (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

   (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

53. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

54. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

55. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

56. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

57. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
June 28, 2012

/s/

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.


/s/
_____
Adam J. Fishbein (AF-9508)